MECHANICS' LIENS (§ 222*)—DISCHARGE—BOND—INDEMNITY REQUIRED—"CON
TRACTOR."

Lien Law (Consol. Laws 1909, c. 33) § 19, subd. 4, provides that a lien
may be discharged by an owner or contractor executing an undertaking
to the clerk of the county where the premises are situated in such sums
as the court or judge may direct, not less than the amount claimed in the
notice of the lien, conditioned for the payment of any judgment which
may be rendered against the property for the enforcement of the lien.
*Held,* that the right to discharge a lien by filing an undertaking is not
limited to the contractor named in the notice of the lien, but accrues to
any one within the meaning of the term "contractor," as defined by sec
tion 2, viz., a person who enters into a contract with the owner of real
property for the improvement thereof; and hence an original contractor,
having agreed to keep the premises free from liens, could not be de-
prived of the right to an order fixing an amount of the undertaking nec-
essary to discharge a lien, because the lienors, who were subcontractors,
did not name the original contractor in their notice of lien as the con-
tractor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 406;
Dec. Dig. § 222.*

For other definitions, see Words and Phrases, vol. 2, pp. 1534–1537;
vol. 8, p. 7616.]

Application of the Hedden Construction Company for an order dis-
charging a mechanic's lien on certain realty, filed by the Common-
wealth Roofing Company.  On motion to vacate an order fixing the
amount of an undertaking required to discharge a mechanic's lien.
Motion denied.

Edo E. Mercelis, for the motion.

Finch & Coleman (John Burlinson Coleman, of counsel), opposed.

GIEGERICH, J.  The Hedden Construction Company is contrac-
tor for the erection of the building upon the lands described in the
notice of lien, under a contract with the owner thereof.  Such com-
pany obtained an order fixing the amount of the undertaking to be
given by it as a contractor to discharge the said lien, which is sought
to be vacated and set aside upon the grounds hereinafter stated.  It
appears from the papers submitted that by the terms of the contract
the said Hedden Construction Company is required to keep the said
premises free and clear of all mechanic's liens, and promptly obtain
the cancellation and discharge of any that might be filed against the
premises by any subcontractors; that the Hedden Construction Com-
pany sublet some of the works to a subcontractor, to wit, the Empire
Cornice Works, which in turn sublet some of the work to the Com-
monwealth Roofing Company, which filed the notice of lien herein,
and which makes this application to vacate the said order fixing the
amount of the undertaking, upon the ground that the said Hedden
Construction Company is not named in said lien as contractor or oth-
erwise, but that the Empire Cornice Works is therein named as con-
tractor.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The lien law (Consol. Laws 1909, c. 33), so far as applicable to the question under consideration, provides:

"Sec. 19. A lien other than a lien for labor performed or materials furnished for a public improvement specified in this article may be discharged as follows: * * * (4) Either before or after the beginning of an action by an owner or contractor executing an undertaking with two or more sureties, who shall be freeholders, to the clerk of the county where the premises are situated, in such sums as the court or judge thereof may direct, not less than the amount claimed in the notice of lien conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien."

As I construe the foregoing provisions, the right to discharge a lien by the filing of an undertaking is not limited to the contractor named in the notice of lien; but it is given to any one who may come within the meaning of the term "contractor" as defined by section 2 of the lien law, viz.:

"A person who enters into a contract with the owner of real property for the improvement therein."

The Hedden Construction Company could not, therefore, be deprived of the right to obtain an order fixing the amount of the undertaking to discharge the lien simply because the Commonwealth Roofing Company, the lienors, did not name the former in their notice of lien as the contractor. Such right is expressly conferred by the statute, and the defendant, the real contractor, could not be deprived of that right by any act or omission on the part of the lienor.

Motion denied, without costs.